UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

OSCAR SABLE,

                      Petitioner,           09 Civ. 7242 (WHP)

      -against-                    MEMORANDUM & ORDER

SUPERINTENDENT DALE ARTUS,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/12

WILLIAM H. PAULEY III, District Judge:

        Petitioner pro se Oscar Sable ("Sable") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for second-degree burglary, three counts of third-degree burglary, two counts of third-degree grand larceny, and two counts of third-degree criminal possession of stolen property. Magistrate Judge Gorenstein issued a report and recommendation (the "Report") recommending that this Court deny Sable's petition. Sable objected to the Report ("Objections"). For the following reasons, this Court adopts Magistrate Judge Gorenstein's thorough and well-reasoned Report in full.

## BACKGROUND

        Sable's arrest and convictions stem from a series of four burglaries in Manhattan between 2002 and 2003. (Report at 1). A New York County jury found Sable guilty of all charges, and the trial court sentenced Sable to twenty-five years to life, pursuant to New York Criminal Procedure Law ("N.Y.C.P.L") § 70.08 ("Sentence of Imprisonment for Persistent Violent Felony Offender"), due to his two prior violent felony convictions. (Report at 3).

At trial, the prosecution submitted video images from surveillance cameras at the four burglary locations. (Report at 1). Two witnesses for the prosecution, Detective Hackett, the investigating detective, and Officer Odume, Sable's parole officer, identified Sable as one of the men in the surveillance stills. (Report at 2). The trial court permitted Odume to identify himself as Sable's parole officer in order to establish the credibility of his identification. (Report at 3). In addition, Detective Hackett testified that after his conversation with Artes Santiago, the registered owner of the getaway van, his investigation focused on Sable. (Report at 2).

On January 12, 2007, Sable appealed his conviction. See Brief for Defendant-Appellant. The Appellate Division affirmed his conviction and denied leave to appeal. People v. Sable, 44 A.D.3d 390, 390, 843 N.Y.S.2d 62, 63 (2007), appeal denied, 9 N.Y.3d 1038 (2008). The Appellate Division also denied Sable's subsequent motion for a writ of error coram nobis. (See Notice for Writ of Error Coram Nobis, dated March 24, 2009; Order, dated May 28, 2009.) Sable filed his pro se petition for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, on August 17, 2009. On September 23, 2010, Magistrate Judge Gorenstein issued the Report, recommending that Sable's petition be denied.

Sable objected to the Report and reiterated the claims in his habeas petition. Of the objections addressing the Report, Sable argues that: (1) trial counsel was ineffective for failure to object to alleged testimonial hearsay and the admission of Sable's parole status; (2) appellate counsel was ineffective because he failed to discover Detective Hackett's allegedly false testimony; (3) Sable is actually innocent and his improper jury instruction claim is not procedurally barred, and (4) Sable was improperly adjudicated as a persistent felony offender under N.Y.C.P.L. § 70.10.

2

## DISCUSSION

I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636 (b) (1). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636 (b) (1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting F.R.C.P. 72(b)). If a petitioner "makes only conclusory or general objections, or simply reiterates his original arguments" the clearly erroneous standard applies—although pro se litigants are generally given more leniency. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

II. Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, Sable must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 168 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668 (1984)) (internal punctuation and citations omitted). The first prong of the Strickland test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The second prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The standard for ineffective assistance of counsel is strict, and courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [that] might be considered sound trial strategy." Strickland, 466 U.S. at 689.

Sable objects to the Report's conclusion that trial counsel was not ineffective when he failed to object to (1) Detective Hackett's testimony or (2) the admission of Odume's relationship to Sable as his parole officer. Neither objection meets the criteria set forth in Strickland.

A. Testimonial Hearsay

Sable contends that the Detective Hackett's testimony was "testimonial hearsay" as defined in Crawford v. Washington, and, therefore, inadmissible. 541 U.S. 26 (2004). This claim is procedurally barred because it was not raised in Sable's coram nobis application and is therefore unexhausted. (Report at 15). Nevertheless, because Sable's objection addresses this issue on the merits, this Court considers his argument.

"Testimonial hearsay" refers to statements involving a "declarant's knowing responses to structured questioning in an investigative environment or a courtroom setting where the declarant would reasonably expect that his or her responses might be used in future judicial proceedings." United States v. Saget, 377 F.3d 223, 228 (2d Cir. 2004). Testimonial statements are only admissible for purposes "other than establishing the truth of the matter asserted," whereas testimonial statements offered to support the truth of the matter asserted are inadmissible as hearsay. Crawford, 541 U.S. at 59 n.9; see also United States v. Mejia, 376 F. Supp. 2d 460, 464 (S.D.N.Y. 2005).

4

Sable asserts that Hackett's testimony regarding his interview with Artes Santiago implied that Santiago had identified Sable as a suspect. However, Sable does not present evidence that Hackett's statements were used for anything other than background and context. See Jones v. Woods, 2008 WL 4906882, at *3 (E.D.N.Y. Dec. 18, 2009) (noting Crawford does not apply because [the witness] did not testify to the substance of witness interviews). Accordingly, because an objection to Hackett's testimony would have been meritless, trial counsel was not ineffective for failing to make it.

B. Admission of Sable's Parole Status

Second, Sable objects to the Report's conclusion that the admission of his parole status was not prejudicial. This objection is also without merit. The authorities cited by Sable are inapposite. See People v. Coppolo, 817 N.Y.S.2d 242 (1st Dept. 2006) (involving a breach of a pretrial agreement); People v. Ramos, 813 N.Y.S.2d 285 (4th Dept. 2006) (holding that a defendant's parole status was prejudicial because the witness's ability to identify the defendant was not at issue); People v. Reid, 790 N.Y.S.2d 125 (1st Dept. 2005) (holding that the testimony of a defendant's parole officer was harmless). The trial court properly instructed the jury that Odume's status as Sable's parole officer served only to assist the jury's evaluation of Odume's ability to identify Sable. See Dunnigan v. Keane, 137 F.3d 117, 126 (2d Cir. 1998). Accordingly, trial counsel was not ineffective for failing to object to Odume's testimony.

III. Ineffective Assistance of Appellate Counsel

Sable claims that his appellate counsel failed to discover Detective Hackett's alleged "false testimony." He argues that the testimony by Odume and Hackett is inconsistent, and that inconsistency demonstrates that Hackett testified falsely about his investigation of Sable. Sable claims Hackett testified falsely because, while Odume stated that he did not learn

5

of Sable's alleged involvement in a burglary until June 18, 2003, Hackett testified that Odume had identified Sable on May 12, 2003.

"A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory." United States v. Monteleone, 257 F.3d 210, 219 (2001); see also, United States v. Dunnigan, 507 U.S. 87, 94 (1993). The alleged inconsistency does not concern a matter material to Sable's guilt. Moreover Odume's and Hackett's testimony are not inconsistent. Odume may have identified Sable on May 12, without knowing the circumstances of the investigation until Sable's arrest on June 18. Further, Sable does not offer any evidence of willful intent to provide false testimony. Accordingly, this Court adopts the Report's recommendation that Sable's claim of ineffective appellate counsel is without merit.

IV. Improper Jury Instruction

Sable objects to the Report's conclusion that his claim of actual innocence is procedurally barred. The procedural bar may only be overcome if Sable establishes cause for the default and resulting prejudice or a fundamental miscarriage of justice, such as actual innocence. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). "[A] claim of actual innocence must be supported by new, reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Sable does not proffer any new evidence, and the jury's verdict is entirely consistent with the trial evidence. The Report's reasoning that, under New York's contemporary objection rule, the defense counsel's lack of objection to the instruction at trial precludes federal habeas review is not clearly erroneous. See N.Y.C.P.L § 470.05; see also, Reyes v. Keane, 118

6

F.3d 136, 138 (2d Cir. 1997) ("A state prisoner who fails to object to a jury instruction with state procedural rules procedurally forfeits that argument on federal habeas review.").

V. Incorrect Adjudication as a Persistent Violent Offender

Sable objects to the Report's recommendation that the trial court correctly adjudicated him as a persistent violent offender on two grounds: (1) the trial court incorrectly used N.Y.C.P.L. § 70.10, instead of N.Y.C.P.L. § 70.08, as the basis for the ruling and (2) Apprendi v. New Jersey, 530 U.S. 466 (2000), declared N.Y.C.P.L. § 70.10 unconstitutional.

Turning to Sable's first objection, the trial court sentenced Sable pursuant to N.Y.C.P.L. § 70.08 ("Sentence of Imprisonment for Persistent Violent Felony Offender"), not N.Y.C.P.L. § 70.10(b)-(c) ("Sentence of Imprisonment for Persistent Felony Offender"). (Report at 26-27). Thus, Sable's first objection is plainly mistaken. And his argument that Apprendi invalidated N.Y.C.P.L. § 70.10 is totally groundless.

## CONCLUSION

For the foregoing reasons, this Court adopts the report and recommendation of Magistrate Judge Gorenstein in its entirety. Sable's petition for a writ of habeas corpus is denied. Because Sable has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2258(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to terminate all pending motions and mark the case as closed.

Dated: January 11, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

Magistrate Judge Gorenstein

*Counsel of Record:*

Oscar Sable
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
*Petitioner, pro se*

Leilani Rodriguez
Assistant Attorney General
120 Broadway
New York, New York 10271
*Counsel for Respondent*